### SNYDER COUNTY.

JANUARY TERM, 1882, No. 265.                    MAY 1ST, 1882.

## Dundore *et al. versus* Hollman.

1. A husband and his wife were jointly interested in land, and united in a mortgage. He died, and suit was brought by the mortgagee against the wife and his administrators. After the jury were sworn the appearance for the administrators and their pleas were withdrawn. The wife offered to prove that she was induced to execute the mortgage by representations made by her husband, and by the judge who took her acknowledgment, that it would not affect her interest, and that her joining was merely for the purpose of incumbering his interest, and that, when these representations were made, the mortgagee was within hearing distance. *Held,* that the offer was too vague, and was inadmissible.

2. The wife was not a competent witness to prove the offer.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Snyder County.*

*Scire facias sur* mortgage by Michael B. Hollman against N. T. Dundore and C. W. Heintzelman, administrators of W. G. Herrold, deceased, and Mary Herrold.

The action was brought on a mortgage for $6734, dated August 10th, 1877, from William G. Herrold and Mary, his wife, to M. B. Hollman. William G. Herrold being dead, his administrators were substituted.

The defendants pleaded coverture, *nil debet,* payment, payment with leave, and set-off.

Upon the trial in the court below, before BUCHER, P. J., the plaintiffs offered in evidence the mortgage and rested.

The defendant called Mrs. Mary Herrold, and made an offer of testimony which the Court ruled out.

The defendant then, by leave of the Court, withdrew the appearances and the pleas of the administrators of William G. Herrold, and then renewed her offer, as follows:

"Defendant offers to prove by this witness, for the purpose

[Dundore *et al. v.* Hollman.]

of defeating this mortgage against her interest in this land, which is one undivided third interest in the land covered by the mortgage, she being a co-tenant with her husband as to the entire contract, that before and about the time of the execution of the instrument of this mortgage, William G. Herrold, her husband, in order to induce her to execute this mortgage, represented to her that her joining in the mortgage with him would not affect her third interest in the land covered by the mortgage, at all, but her joining was merely for the purpose of incumbering his two-thirds interest in the land covered by the mortgage, and the law required her to join for the sake of conformity ; and under these representations made to her by her husband she joined with him in the execution of this mortgage, and under the belief induced by these representations, that it could not affect her undivided one-third interest in this land, and that the mortgagee was present. Also offer to prove by this witness that this mortgage is largely usurious in the amount stated therein. Further offer to prove that at the time that his Honor, Judge Raudenbush, took Mrs. Herrold's acknowledgment, she inquired of Hon. B. L. Raudenbush whether it would affect her one-third interest in this land, and that he replied that it would not, it would only bind the two-thirds of this land belonging to William G. Herrold. To be followed with proof that she is the owner in her own right of one-third of this property, and " William G. Herrold the owner of the other two-thirds.

*The Court:* Do I understand you to offer to prove that Hollman was present when she asked Raudenbush this?

*Answer:* He was within hearing of this. We propose to ask her the question when he was within hearing distance of it, and Herrold was.

The plaintiff objected, first, " that the evidence is not admissible under the pleadings in this case; second, that the witness, being the wife of William G. Herrold, deceased, and a party to the mortgage, is incompetent to testify in this case, her husband being dead, that the plaintiff is precluded from being a witness at common law, or under any act of Assembly, and as he cannot testify, none of the parties defendant are permitted to testify. That the mere fact that Mr. Hollman may have been within hearing distance, unless the proof is that he heard what is alleged to have passed between Judge Raudenbush and the witness, it is incompetent in this manner to attempt to fritter away the rights of the mortgagee. That, as to the mortgage being usurious, the evidence is not admissible under the pleadings, and that the witness is incompetent to establish it. And, for the addi-

[Dundore *et al. v.* Hollman.]

tional reason, that the jury are sworn as to the administrators, and it would be an attempt to contradict the terms of the mortgage."

The Court sustained the objection, and ruled out the testimony, under exception.

September 29th, 1881.    Verdict for the plaintiff for $8355.66, upon which judgment was afterward entered.

The defendants then took out a writ of error, assigning that the Court erred in the rejection of the testimony offered as above.

*Charles Hower* and *A. W. Potter*, for plaintiffs in error.

The administrators were made co-defendants simply because William G. Herrold joined in this mortgage with his wife.    There was no issue of fact between Hollman and the administrators, and could not be.    The husband's and the wife's interests in these lands were entirely separate and distinct estates.    If she should defeat the claim, on the grounds set forth in the offer, it would not affect the mortgage as to him.    The mere fact that it was necessary to have him join in the mortgage does not affect the rules of evidence.

She would not be testifying against her husband, but in her own behalf, and is not excluded: Musser *v.* Gardner, 16 P. F. Smith, 242; Rowley *v.* McHugh, 16 P. F. Smith, 269.

If the opposite theory be correct, then the law forces her to join with her husband to make the instrument valid, and prohibits her from testifying because she is married.

*A. C. Simpson* and *F. S. Simpson*, for defendant in error.

The subject-matter was a mortgage executed by William G. Herrold and Mary, his wife, while in full life.    He died, and his land passed to his widow and heirs, subject to the payment of his debts.    Her dower in the land vested the moment he died.    By reason of his death, Herrold could not be a witness, and the law sealed the mouth of M. B. Hollman as to anything that had taken place previous to Mr. Herrold's death.    Again, Herrold must be regarded as the defendant's assignor: Ewing *v.* Ewing, 9 W. N. C., 489.

The question is expressly ruled in Crouse *v.* Staley, 3 W. N. C., 83; see Gardner *v.* McLallen, 29 P. F. Smith, 398; Karns *v.* Tanner, 16 P. F. Smith, 297.

MAY 15TH, 1882.—PER CURIAM: The evidence offered was clearly inadmissible.    To say, not that Hollman was present when the transaction took place, but that he was within hearing distance, was altogether too vague.    Besides, the suit was still in the name of the administrators, although

[Albright *v.* Leiser.]

the Court allowed the appearance and plea to be withdrawn, and as Hollman could not be a witness, Mrs. Herrold was also incompetent.

Judgment affirmed.